STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DAVID BOYD, DEFENDANT-APPELLANT.

Argued March 29, 1965—Decided April 19, 1965.

Mr. *Thomas M. Maher* argued the cause for appellant.

Mr. *Carlos Peay,* Assistant Prosecutor, argued the cause for respondent (Mr. *Ronald J. Picinich,* Assistant Prosecutor, on the brief; Mr. *Guy W. Calissi,* Bergen County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of knowingly possessing lottery slips in violation of *N. J. S.* 2A:121–3. The conviction was affirmed in the Appellate Division in an unreported opinion. An appeal was taken then directly to this Court under *R. R.* 1:2–1(a).

The appeal to this Court without the grant of certification is based upon the contention that a question arising under the Fourth Amendment to the *United States Constitution* and *Article I, paragraph 7* of the *New Jersey Constitution* is involved. The claim is that certain incriminating evidence was taken from defendant's automobile as the result of an illegal search and seizure in violation of the cited sections of the two Constitutions. Consequently, the evidence, later introduced at the trial, he urges should have been suppressed on his pretrial motion.

It is undisputed that the search of Boyd's automobile and the seizure of the lottery paraphernalia were made pursuant to a search warrant issued by a county judge. He claims, however, that the affidavit on which the warrant was issued contained insufficient facts to justify a prudent man in believing that the law was being violated, and to describe the "place" to be searched. We had occasion in *State v. Macri,* 39 *N. J.* 250 (1963), and *State v. Zuzulock,* 39 *N. J.* 276 (1963), to review at length the requirements of the Federal and State Constitutions with respect to search warrants, and to promulgate standards to be met in the way of recital of facts in affidavits submitted to the appropriate judge to support the application for such warrants. In those cases we recognized that usually the affidavits are prepared in the midst and haste of criminal investigations, and by police officers and detectives who are laymen not possessed of the expertise in draftsmanship to be expected of a member of the bar or bench. Consequently a common sense approach must be taken in appraising the sufficiency of the factual allegations of the affidavit on which the request for the warrant is based. If the recitals would provide reasonable support for the belief of a

prudent man that the law is being violated at a place reasonably identified, they will be deemed sufficient. Rigid and technical demands for elaborate specificity and precision are neither serviceable nor required in this area of criminal law enforcement. See *United States v. Ventresca*, 380 *U. S.* 102, 85 *S. Ct.* 741, 13 *L. Ed. 2d* 684 (1965) ; *State v. Zuzulock; supra; R. R.* 3 :2A–6 (b).

■ Examined in the light of the cases cited, the affidavit is clearly adequate to meet the standards expressed. We agree with the Appellate Division in that regard and consequently affirm the judgment of conviction.[1]

---

[1] The affidavit stated in pertinent part:

"2. I have good reason to believe and do believe that in and upon certain premises within the City of Hackensack in this County and State, to wit: Premises known as a 1960 Buick automobile and more particularly described as follows: A 1960 Buick automobile, color (lavender) N.J. Registration BNW-788 and any occupant thereof, particularly a male negro approximately 30 years, 5'8", 170 lbs., well built, round face, brown skin, mustache, may be wearing a brown suit, gray overcoat, and no hat, there has been and now is located certain property to wit: Pads, pencils, rundown sheets, scratch sheets, bet slips, lottery paraphernalia, and any other gambling paraphernalia in violation of the following statutes, used in connection with or in furtherance of the commission of a crime in violation of the Laws of the State of New Jersey to wit:

Bookmaking: N.J.S. 2A:112–3 and or
Lottery: N.J.S. 2A:121–3

3. That the facts which establish the grounds for this application and the probable cause of my belief that such grounds exist are as follows: I, Richard J. Kikkert, am a Lieutenant of County Detectives, attached to the Prosecutor's Office. On Tuesday, February 5, 1963 the undersigned received information from a previously reliable source that the above described person is taking numbers bets in the vicinity of Central Avenue, between First and Railroad Avenues, in the City of Hackensack, New Jersey. This informant also stated that he had placed bets with this person on several days. A surveillance was maintained by the undersigned, Deputy Chief John Conforti, of the Hackensack Police and Detective Dominick Mancini of this office, daily, between February 5th and February 9th, 1963. This person described above was seen in the vicinity described, in conversation with various people, and on occasion slips of paper changed hands. In the light of the above information, and subsequent surveillance and investigation, the undersigned has reason to believe that a gambling operation is in fact in progress on Central Avenue between First and Railroad Avenues, and the person and automobile described above are involved."

■ Although the State argued the appeal on the merits, and made no motion for dismissal on the ground that no substantial constitutional issue was presented which would justify an appeal as of right, the propriety of defendant's procedure requires comment. See *State v. Schneider*, 33 *N. J.* 451, 452 (1960); *State v. Pometti*, 12 *N. J.* 446, 450 (1953). The occasion arose recently to discuss the increasing number of direct appeals being taken under *R. R.* 1:2–1(a) where the asserted constitutional issue has been clearly and conclusively settled. See *Tidewater Oil Company v. Mayor and Council of the Borough of Carteret*, 44 *N. J.* 338 (1965). In such cases the proper avenue to be employed in seeking a review in this Court is petition for certification, not appeal; direct appeals are subject to dismissal. In this case the principles for testing the sufficiency of affidavits on which search warrants are based have been fully settled by *State v. Macri*, *supra*, and a number of others which followed it.

■ As was indicated in *Tidewater*, *supra*, at this advanced stage of the law in the area, it would be a most rare case which would present a question of sufficient constitutional dimension to justify appeal from a decision of the Appellate Division. If a direct right of appeal is not "clear beyond doubt, the proposed appellant should petition for certification, outlining fully his claim to an appeal as of right, as well as any other appropriate reasons indicating why this court should allow further review even if it believes that the case does not present a sufficient constitutional question. * * * If a proper constitutional question does appear," certification will be granted. "If it does not, an appeal may be allowed through certification for other reasons."

In this case we have considered the merits, and, as indicated, find no legal basis for disturbing the judgment of conviction. But, for the reasons stated, in the future review in similar cases should be sought by certification.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For reversal*—None.