STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ROBERT SMITH, DEFENDANT-APPELLANT.

Argued September 13, 1971—Decided October 12, 1971.

*Mr. Louis Ruprecht* argued the cause for appellant (*Messrs. McGlynn, McGlynn, Ruprecht and Graham,* attorneys).

*Mr. Morton I. Greenberg,* Assistant Prosecutor, argued the cause for respondent (*Mr. John Corino,* Cape May County Prosecutor, attorney).

PER CURIAM. Defendant was convicted in a municipal court of driving a motor vehicle while under the influence of intoxicating liquor (*N. J. S. A.* 39:4–50(a)), and also of driving without a license (*N. J. S. A.* 39:3–10). On appeal to the County Court the judgments were affirmed. The Appellate Division affirmed unanimously. Defendant then filed a petition for rehearing in the Appellate Division in which he sought to claim for the first time that there was a conflict of interest between him and a codefendant which

made it improper for a single attorney to have represented both of them although they had retained him to do so. The Appellate Division denied the petition, one judge however voting to allow "rehearing on the issue of possible conflict of interest."

■ Defendant thereupon pursued an appeal to our Court, coupled with a petition for certification. Later the parties stipulated that a notice of appeal having been filed there is "no further need to petition this Court for certification" and hence "the Notice of Petition for Certification heretofore filed in this cause is dismissed." There was no right of appeal, and, we need hardly add, the stipulation of the parties cannot amend our rules.

An appeal may be taken to the Supreme Court from a final judgment "as of right: (1) in cases determined by the Appellate Division involving a substantial question arising under the Constitution of the United States or this State; (2) in cases where there is a dissent in the Appellate Division." R. 2:2–1(a). Neither provision applies here. The case decided by the Appellate Division did not involve a constitutional issue. Rather the Appellate Division declined to reopen the cause to permit the injection of an alleged constitutional question. Nor was there a dissent from the final judgment; the dissent was with respect to whether the matter should be reopened to pursue the possibility that a new ground might have merit. The situation was beyond the fair reading of R. 2:2–1(a). The appropriate course to review the discretionary denial of the petition for rehearing was by an application for certification. R. 2:2–1(b). The appeal will therefore be dismissed. Under the circumstances the papers will be considered as a petition for certification, which is denied for want of merit.

■ The Appellate Division properly declined to grant a rehearing. There was nothing in the record to support the claim sought to be advanced. See *State v. Macon*, 57 *N. J.* 325, 333 (1971). The situation was simple: Smith, the defendant now before us, and one Charles Barr were occupants

of a small panel truck operated erratically on a public road at about midnight. Officers Shaw and McNally, in a patrol car, drew alongside the van and motioned defendant to stop. Shaw, who was driving, did not get a view of the driver of the van, but McNally, on the passenger side, did, and he had no doubt whatever that Smith was driving. McNally said that after the car stopped Smith and Barr changed places, in which process Smith fell to the floor of the vehicle. Officer Shaw heard the fall, but could say only that when he reached the side of the van, it was Barr who was behind the wheel.

Both Smith and Barr were intoxicated according to the State's proof. Officer McNally charged both with drunken driving, Smith because he in fact was driving the moving vehicle and Barr on the thesis that when he moved to the driver's seat while the motor was running, he thereby operated the vehicle even though the car did not move. At the close of the State's case, counsel moved for judgment for Barr on the ground that upon the State's case Barr was not guilty of operating the car. The judge of the municipal court granted that motion. Both Smith and Barr then testified that Barr was the driver. The trial court, however, believed Officer McNally and found Smith guilty.

There was no conflict at all between Smith and Barr. Both pressed precisely the same factual claim, that Barr was the driver of the vehicle. The State's testimony, which was clear and persuasive, went the other way. The evident explanation of the switch behind the wheel was that Smith, who had a prior conviction for drunken driving and was then on the revoked list, faced, if convicted here, a mandatory jail sentence and a ten-year loss of driving privilege. *N. J. S. A.* 39:4–50(a). Smith and Barr sought the same result. They failed, not because they had one lawyer instead of two, but because the officers were believed and defendants were not. Nothing in the record remotely suggests that separate counsel would have achieved another result. There was no apparent flaw in the precise testimony of the officers. The

trial court, on its view of the law, would have granted the motion in favor of Barr no matter who represented Smith, and it would be an unwarranted affront to the municipal court and the County Court to say they thought Smith was innocent but nonetheless convicted him because Barr had already been removed from the case.

The appeal is accordingly dismissed and, treated as a petition for certification, the petition is denied.

*For dismissal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.