PIERCE, Chief Judge.
The State of Florida as appellant herein seeks review by this Court of an order entered by the Polk County Criminal Court *742 of Record granting a motion to dismiss the information for possession of a hallucinogenic drug, known as LSD, filed by defendant therein, Nancy Lowell.
During the late hours of September 7, 1969, defendant Lowell was charged with the sale of LSD to one Joel Booth. Pursuant to search warrant duly obtained, the premises of Lowell were searched some three or four hours later and four additional LSD pills were found, contained in the same sugarbowl from which the LSD pills, some 140 in number, were counted out and delivered to Booth as charged in the “sale” case.
Upon hearing on Lowell’s motion to dismiss, the trial Court found that the State’s evidence in the “sale” case would have been sufficient to convict Lowell on the charge of “possession” in the instant case; that therefore, relying on this 2nd District Court’s case of State v. Shaw, Fla.App.1969, 219 So.2d 49, the motion was granted upon the hypothesis that the “sale” prosecution would stand as a bar to the charge of “possession”.
The trial Court’s hypothesis would have been sound if all the drugs involved in the “possession” count were likewise involved in the “sale” count. But they were not. The four additional LSD pills found as a result of the search pursuant to the search warrant were different and distinct contraband articles from the LSD pills involved in the sale to Booth. This vital distinction was pointed out in the 3rd District Court opinion in Yost v. State, Fla.App.1971, 243 So.2d 469. And in our 2nd District Court’s brief opinions in Easton v. State, 250 So.2d 294, opinion filed July 16, 1971, and Keenan v. State, 253 So.2d 273, opinion filed October 8, 1971, we followed the reasoning and rationale of the 3rd District Court in Yost.
The lower Court erred in holding that the prosecution of the “sale” charge would stand as a bar to prosecution of the “possession” charge. This is so because the drugs in question would not necessarily be the same drugs in each case.
The Court was therefore in error in granting Lowell’s motion to dismiss the charge of possession of LSD. So the order appealed from must be and is hereby reversed and the cause remanded to the trial Court with directions to reinstate the charge of possession of LSD drugs.
So ordered.
MANN and McNULTY, JJ., concur.