UNITED STATES of America ex rel.
Robert SMITH, Petitioner,

v.

STATE OF NEW JERSEY and Beech N.
Fox, Sheriff of Cape May County,
New Jersey, Respondents.

Civ. No. 1533-71.

United States District Court,
D. New Jersey.

April 11, 1972.

trial, where he was convicted of operating a motor vehicle while under the influence of intoxicating liquor (N.J.S.A. 39:4–50(a)), and without a proper driver's license (N.J.S.A. 39:3–10). This constituted petitioner's second conviction for driving under the influence, resulting in a mandatory 90-day jail sentence, a 10-year revocation of his driving privileges in New Jersey, a $15.00 fine and costs.

Upon appeal to the Cape May County Court, the same counsel represented petitioner Smith, and again Smith was convicted upon a trial *de novo*. Thereafter, the Appellate Division of the Superior Court of New Jersey affirmed. Thereupon, petitioner retained new counsel who sought a rehearing in the Appellate Court in order to present and argue for the first time an asserted substantial conflict of interest by an attorney's representation of petitioner and his co-defendant in the municipal court. The co-defendant, Barr, had been acquitted in the municipal court. Although the petition for rehearing was untimely, it was accepted for filing and denied upon the merits, one judge voting for a hearing on this issue. Thereafter, the Supreme Court of New Jersey treated petitioner's appeal as a petition for certification, granted the petition, considered the merits and in a *per curiam* opinion affirmed the Appellate Division's denial of rehearing. State v. Smith, 59 N.J. 297, 282 A.2d 33 (1971). The Supreme Court of New Jersey reached the issue of conflict, although that issue was not directly before it, as it might well do if plain error—especially of constitutional dimension—appeared in the record presented to it. *See*: N.J. Court Rules, 1969, 2:10–2 Plain Error, 2:12–4 Grounds for Certification and 1:7–5, Drafters' Comment; State v. Macon, 57 N.J. 325, 273 A.2d 1 (1971); State v. Corby, 28 N.J. 106, 145 A.2d 289 (1958); Chapman v. Calif., 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); and certification as mode of review, State v. Boyd, 44 N.J. 390, 209 A.2d 134 (1965). Plain error, as defined by the

---

McGlynn, Ruprecht & Graham by Louis Ruprecht, Newark, N. J., for petitioner.

John Corino, County Pros. County of Cape May, N. J., for respondents.

## OPINION AND ORDER

COHEN, District Judge:

Petitioner, Robert Smith, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. He is presently at liberty on bail, having been released by order of this Court pending a hearing and disposition of his petition, regarding alleged deprivation of his sixth amendment rights by reason of dual representation of counsel in his municipal court

New Jersey Supreme Court, is "legal impropriety affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Lowery, 49 N.J. 476, 484, 231 A.2d 361, 365 (1967) citing *Corby, supra.* Moreover, the Supreme Court of New Jersey has properly arrogated to itself the right to accept a constitutional question not raised below. Prior to the above Rules and cases, it was not required to do so. Lettieri v. State Bd. of Medical Examiners, 24 N.J. 199, 206, 131 A.2d 518 (1957); Presbyterian Homes of Synod of New Jersey v. Division of Tax Appeals, 55 N.J. 275, 289, 261 A.2d 143 (1970).

Thus, the Supreme Court of New Jersey having reached and determined the precise constitutional issue raised here by the petitioner, pursuit of state court post-conviction remedies would be the performance of a vain and futile act. Hence, we conclude that there has been sufficient compliance with the exhaustion of remedies requirement of 28 U.S.C. § 2254, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 443 (1963). However, as a mixed question of fact and law of constitutional dimension has been presented here, an independent examination of the state court records has been made in conformity with the dictates in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Additionally, petitioner was afforded a plenary hearing in this court on the issue of conflict of interests by dual representation of counsel in the municipal court.

The facts giving rise to the asserted conflict problem simply stated are: The petitioner, Robert Smith, was arrested October 7, 1969, at about midnight, in the Borough of North Wildwood, Cape May County, New Jersey and charged with driving a small panel truck while under the influence of intoxicating beverages, failing to produce a driver's license, driving while on the revoked list and failing to display a name on a commercial vehicle. Charles Barr, who was also occupying the vehicle, was charged with the same offenses. Both men were tried together in the municipal court and both represented by the same attorney. It developed at trial that Officers Shaw and McNally, in a police patrol car, observed the panel truck traveling in an erratic manner. They pulled alongside and stopped it. Shaw, who was driving the police car, testified that he did not see who the driver of the van was, but McNally, on the passenger side, testified that he did and had no doubt that it was Smith. He testified, further, that after the van stopped, Smith, who had been driving, changed places with Barr and fell to the floor of the van on the passenger side in the process. Officer Shaw testified as to the sound of a fall, but when he reached the side of the van Barr was behind the wheel with the van's motor running. According to the State's proofs, both Smith and Barr were intoxicated. At the close of the State's proofs, the court granted Barr's motion for judgment of acquittal on the ground that evidence of his operation of the van was lacking. In defense of Smith, both he and Barr testified that Barr was the sole driver. Inasmuch as Smith was confronted with a second violation, carrying with it a mandatory term of imprisonment of 90-days and a 10-year revocation of driving privileges, Barr's gallantry is quite obvious and understandable. The trial judge disbelieved the defense testimony and, consistent with his ruling on Barr's motion for judgment of acquittal, believed the testimony of Officer McNally instead—that Smith was driving and found him guilty.

At the hearing in this Court, petitioner Smith, represented by very able counsel, testified in his own behalf, and offered into evidence 8 photographs showing the van with him behind the wheel, as well as Barr in one of the photographs. The similarity between the two men framed in the driver's window in exhibits #1 and #2 is remarkable, but

does not entirely obliterate the dissimilarity. The petitioner offered no other proof and declined to produce the attorney who represented Smith and Barr in the municipal court, when inquiry was made by this Court in this particular regard. In addition to the testimony of petitioner, this Court has had the benefit of reviewing the prior state court records, including the trial transcripts of the proceedings in the municipal court, the county court, and the briefs on appeal.

■ Whether or not the petitioner was deprived of his right to counsel within the meaning of the sixth amendment under the circumstances of this case, depends principally upon its peculiar facts. For while it is fundamental that a defendant is deprived of the effective assistance of counsel, contrary to the sixth amendment, where dual representation involving interests inconsistent with his makes his defense less effective than it would have been absent such conflict of interest, Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942), not every situation of common representation is *per se* constitutionally fatal to a fair trial of either or both defendants.[1] Glavin v. United States, 396 F.2d 725, 727 (9 Cir. 1968), cert. den. 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968). As stated in our Circuit in Walker v. United States, 422 F.2d 374 at 375 (3 Cir. 1970): "But representation of codefendants by the same attorney is not tantamount to the denial of effective assistance of counsel guaranteed by the sixth amendment. There must be some showing of a possible conflict of interest or prejudice, however remote, before a reviewing court will find the dual representation constitutionally defective," (citing Glavin, *supra* and cases in the Second and

Eighth Circuits). *Cf*: United States ex rel. Kachinski v. Cavell, 453 F.2d 581 (3 Cir. 1971) dissent by Judge Gibbons.

■ A careful review of this matter discloses no such conflict of interests between Smith and Barr as would result in prejudice to petitioner Smith. Not only were their interests not divergent, they were identical—each sought to establish that Barr was the driver of the van. The fact that Barr was acquitted at the end of the State's case before he could attempt to inculpate himself and exonerate Smith, who stood so much to lose upon conviction, as he did, and his later admission of the operation of the vehicle in the Smith phase of the case, clearly demonstrates a common rather than divergent interest to which dual representation neither added nor detracted. There is nothing in the record which suggests that any different stratagem would have been employed (Barr admitted driving at the scene), or result achieved by separate counsel. A similar strategy employing coordinated stories was used with equal lack of success in United States v. Paz-Sierra, 367 F.2d 930 (2 Cir. 1966).

As stated by the Supreme Court of New Jersey in *Smith*, 59 N.J. 297 at 300, 282 A.2d 33 at 34:

There was no conflict at all between Smith and Barr. Both pressed precisely the same factual claim, that Barr was the driver of the vehicle. The State's testimony, which was clear and persuasive, went the other way. The evident explanation of the switch behind the wheel was that Smith, who had a prior conviction for drunken driving and was then on the revoked list, faced, if convicted here, a mandatory jail sentence and a ten-year loss of driving privilege. N.J.S. A. 39:4–50(a). Smith and Barr

---

1. While the burden is upon the movant to establish a showing of a *possible* conflict of interest, Curry v. Burke, 404 F.2d 65, 67 (7 Cir. 1968), cited with approval in *Walker, supra*, once that showing has been made the burden has been carried and judicial inquiry must

be made into the existence in fact of such a conflict. A showing of actual prejudice is not required but it is essential that a conflict in fact be shown. United States ex rel. Miller v. Myers, 253 F.Supp. 55, 57 (E.D.Pa.1966).

sought the same result. They failed, not because they had one lawyer instead of two, but because the officers were believed and defendants were not.

This Court quite agrees with that analysis. The only obstacle which the common scheme of Smith and Barr met in the municipal court was that the judge chose to believe the testimony of the police officers rather than them, as he had every right to do.

Accordingly, having found no constitutionally defective dual representation in the circumstances of this case, the petition for a writ of habeas corpus is determined to be without merit and will be denied.

Now, therefore, it is on this 11th day of April, 1972 ordered that the petition of Robert Smith for a writ of habeas corpus be and the same is hereby denied.

It is certified that no probable cause exists for appeal from this order.