129 N.J. Super. 157 (1974)
322 A.2d 495
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEVEN GREEN AND JOSEPH GUIDA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1974.
Decided July 2, 1974.
*159 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. James Logan, Jr., attorney for appellant Green (counsel did not appear and argue).
*160 Mr. Steven H. Gifis argued the cause for appellant Guida.
Mr. George H. Henningsen, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by BISCHOFF, J.A.D.
In a two-count indictment defendants Green and Guida were charged with unlawful possession of a controlled dangerous substance (marijuana) in excess of 25 grams, contrary to N.J.S.A. 24:21-20(a)(3), and unlawful possession of a controlled dangerous substance (methamphetamine and PCP), in violation of N.J.S.A. 24:21-20(a)(1). They were convicted by a jury on both counts. Their motion for a new trial was denied. Both were sentenced and filed a joint notice of appeal.
The State's proofs indicate that on December 15, 1971 two state troopers observed a Dodge van being operated on the New Jersey Turnpike with its windshield obstructed. They stopped the van and ascertained it was owned by Green and operated by Guida. When the owner had difficulty locating his registration papers, one trooper directed his flashlight into the interior of the van to lend assistance and observed a knife strapped to the seat on the driver's side and cigarette papers on top of the engine compartment. Observation of the eyes and demeanor of the occupants of the car led the troopers to conclude the occupants were under the influence of narcotics. They were placed under arrest for possession of the knife and for being under the influence of narcotics. A search of the vehicle disclosed the presence of a quantity of narcotics including pills and marijuana.
Green first admitted the pills belonged to him and that he had purchased them "cheap." He later denied that story. Guida said he was merely a hitchhiker and while he knew the narcotics were in the vehicle they did not belong to him. Both defendants were represented at the time of trial by the same counsel, who undertook this joint appeal and filed *161 a joint brief for them. Thereafter separate counsel was substituted for Guida and a supplemental brief filed on his behalf only. Multiple issues are raised by the two briefs.

I
The chief argument made by Guida in his supplemental brief is the contention that he was denied due process of law and a fair trial because he and his codefendant were represented by the same attorney at trial. Such dual representation, it is argued, was a denial of his right to effective assistance of counsel because his attorney necessarily had a conflict of interest. Although Guida never requested separate counsel, he now claims he was prejudiced by the joint representation at trial.
It is clear that both the State and Federal Constitutions give an accused the right to have the untrammelled and unimpaired assistance of counsel in his defense. State v. Whitlow, 45 N.J. 3, 27 (1965); Gov't. of Virgin Islands v. John, 447 F. 2d 69, 74 (3 Cir.1971). Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), requires a defendant should have nothing less than the undivided loyalty of his counsel. In the case of Gov't. of Virgin Islands v. Hernandez, 476 F.2d 791 (3 Cir.1973), the court said:
The Supreme Court has held that the sixth amendment right to fair and effective assistance of counsel can be abridged when several defendants are represented by one counsel. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Although recognizing that this constitutional right could be waived, the Court said any waiver must be made knowingly and intelligently * * *. [at 793]
Every reasonable presumption should be indulged against a waiver. Id. at 793.
While the State recognizes these decisions and the right of defendant to counsel, it contends that not every case of dual representation is per se constitutionally fatal to a trial *162 in which either or both defendants are convicted and argues that the general and better rule requires a specific instance of prejudice or a real conflict of interest to exist before it can be said that effective assistance has been denied, citing Glasser v. United States, 315 U.S. 60, 72-76, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Lovano, 420 F.2d 769, 774 (2 Cir.1970), cert. den. 397 U.S. 1071, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970); Fryar v. United States, 404 F.2d 1071, 1073 (10 Cir.1968), cert. den 395 U.S. 964, 89 S.Ct. 2109, 23 L.Ed.2d 751 (1969); United States ex rel. Smith v. New Jersey, 341 F. Supp. 268, 271 (D.N.J. 1972).
Defendant Guida, on the other hand, contends that the right to effective assistance of counsel is denied when dual representation results in a showing of a possible conflict of interest or prejudice, however remote. Walker v. United States, 422 F.2d 374, 375 (3 Cir.1970), cert. den. 399 U.S. 915, 90 S.Ct. 2219, 26 L.Ed.2d 573 (1970); United States ex rel. Smith v. New Jersey, supra.
The problem has been articulated by the Circuit Court of Appeals for the Third Circuit in the case of United States ex rel. Hart v. Davenport, 478 F.2d 203 (1973), as follows:
The legal standard to be applied to a claim of prejudice from joint representation is clear enough. The right to counsel guaranteed by the sixth and fourteenth amendments contemplates the service of an attorney devoted solely to the interests of his client. The right to such untrammelled and unimpaired assistance applies both prior to trial in considering how to plead [citation omitted] and during trial [citation omitted]. Recognizing that the right to such assistance of counsel may be waived [citation omitted], we have refused to find any such waiver from a silent record. [Citations omitted]. We have not yet held that the coincidence of joint representation and a silent record is alone enough to require relief [citation omitted]. On the other hand, we have rejected the approach that before relief will be considered the defendant must show some specific instance of prejudice. [Citations omitted]. Instead, we have held that upon a showing of a possible conflict of interest or prejudice, however remote, we will regard joint representation as constitutionally defective. [at 209-210]
*163 In one of the few instances where our courts have spoken on this problem of joint representation, Judge (now Justice) Sullivan enunciated the guiding principles as follows:
The right to adequate and effective representation by counsel is so fundamental that invocation of it cannot be made to depend on a showing of prejudice [citations omitted]. Moreover, where, as here, a substantial conflict of interest is present, the matter of adequate and effective representation falls into a shadowy area which is almost impossible to probe. * * * [State v. Ebinger, 97 N.J. Super. 23, 27 (App. Div. 1967)]
Guida points to two specific instances of a conflict of interest which would conceivably have been alleviated through a stratagem adopted by separate counsel. Green was the owner of the vehicle in which Guida, a hitchhiker, was an occupant. It was to Guida's interest to emphasize the fact of ownership and control of the car, and in Green's interest to ignore it. Moreover, there was the alleged oral statement of Green that he had purchased the drugs cheaply. It would have been beneficial to Guida at the time of trial if Green had been closely cross-examined concerning this statement, but dual representation precluded such a course.
This type of case uniquely requires undivided counsel. Proof of guilt depends on establishing that the narcotics were within the control of either one or both of the defendants. In the case of Gov't of Virgin Islands v. Hernandez, supra, defendants (husband and wife) were convicted for possession of heroin with intent to manufacture or distribute it. The case against both defendants consisted of a display of a number of narcotics items seized at their home and testimony by an agent that he saw the wife pouring some white powder into a sink. None of the seized evidence pointed specifically at the husband. On appeal defendants contended they were denied effective assistance of counsel because they were represented by the same attorney. The court, in reversing and granting a new trial, noted that defendants had never been apprised by the trial court of the dangers of joint representation, *164 nor was counsel asked about a possible conflict of interest in such representation. Accordingly, the court recommended that on remand the trial court warn each defendant of the potential dangers of joint representation and pointed out that such advice is particularly important in a case "when two persons are jointly charged with possession of narcotics when the only proof is that the narcotics were found in the zone of control of both persons." Id. 476 F.2d at 794.
At oral argument new counsel for Guida represented that Guida would testify he had never been advised of the pitfalls of dual representation and had never knowingly consented to it; further, he had left the details of engaging counsel in the hands of Green. Counsel further stated Guida contends he was, in fact, advised that the case against him was extremely weak and he need have no concern for the outcome of the trial.
It is abundantly clear to us on this record that Guida was prejudiced by the common representation that occurred and for that reason the matter must be remanded for a retrial.
Whenever an instance of dual representation appears, it would be appropriate for the court to conduct a voir dire at the earliest convenient time to determine whether or not all defendants thus represented have been fully informed of the potential hazards of such a course. If they have been fully informed and still elect to proceed in that fashion, their willingness to do so should be made a matter of record[1]. If this procedure is followed it will be unnecessary for an appellate court to decide on a silent record whether or not a defendant has been denied his constitutional right to effective assistance of counsel by joint representation.
*165 In light of our conclusion that the case must be remanded for a retrial, it becomes unnecessary to discuss many of the alleged trial errors. However, several issues do require comment.

II
At the start of the trial defendant made a timely motion to sequester the witnesses as follows:
MR. LOGAN: Your Honor, if there are any other witnesses in this case, I would like to have them sequestered.
MR. SULLIVAN: There are several other witnesses here. The chemist is here.
THE COURT: I don't believe there is any need to sequester the chemist.
MR. LOGAN: I request that he be sequestered, your Honor.
THE COURT: Denied.
MR. SULLIVAN: May we approach the Bench, your Honor.
THE COURT: You may.
[Discussion at side bar off the record.]
Defendants contend the denial of their request to sequester the chemist was error. While sequestration is discretionary, the exercise of a sound discretion ordinarily requires that a motion for sequestration be granted. In order to uphold the denial of a timely motion for sequestration the record should disclose a sound basis for such a denial and, "Where there is an arbitrary denial of a timely motion, it is not necessary for the defendant to show that he has been prejudiced thereby." State v. DiModica, 40 N.J. 404, 413 (1963). Here, a timely motion to sequester was made. No sound reason for the denial of the application appears on the record, and it follows that error was committed. State v. Tillman, 122 N.J. Super. 137 (App. Div.), certif. den. 62 N.J. 428 (1973); State in the Interest of W.O., 100 N.J. Super. 358, 363 (App. Div. 1968). It may be that sound reason appeared during the "discussion at side bar off the record" but it is not available for our review.

*166 III
This points up a potential hazard in conducting side bar discussions off the record. The transcript of this trial contains a record of 18 such conferences of unknown length. While we recognize the absolute necessity for side bar conferences if trials are to proceed without undue delay and to avoid the needless shuttling of juries between the courtroom and the jury room, great care must be exercised by the trial judge to assure preservation of a verbatim recording of the proceedings required by R. 1:2-2 and R. 2:5-3(a). The complete transcript is of crucial importance for a meaningful review to both the appellate court and to new counsel on appeal. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); United States v. Garcia-Bonifascio, 443 F.2d 914 (5 Cir.1971); United States v. Upshaw, 448 F.2d 1218 (5 Cir.1971), cert. den. 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972). All side bar conferences which pertain in any way to the trial or the conduct thereof must be "on the record" and a verbatim recording made. In the event a side bar conference occurs which does not in any way involve the trial then underway, a verbatim recording would be unnecessary. However, to dispel all doubts concerning the silent record, which only notes a "side bar conference off the record," a statement should be made on the record indicating that the conference concerned matters other than the pending litigation.

IV
Defendant further contends it was error for the prosecutor to display on counsel table various items, including bottles filled with pills, marijuana, a mushroom and a hunting knife before any testimony was produced concerning them and before they were offered into evidence.
We agree. Timely objection was made by defendants' counsel to exhibition of these items and should have been granted. State v. Garton, 3 N.J. Misc. 681 (Sup. Ct.), rev'd on other grounds, 102 N.J.L. 318 (E. & A. 1925); People *167 v. Brophy, 122 Cal. App.2d 638, 265 P.2d 593, 46 A.L.R. 2d 1410 (D. Ct. App. 1954)[2].

V
Finally, a word about the sentence. Defendants were found guilty of both counts of the indictment. However, only a single sentence was imposed by the trial judge, who treated the indictment as being in one count only. This was improper. The trial court should specify the sentence for each defendant for each offense charged in the indictment of which he is found guilty. There being a finding of guilty on each of two counts, there should be a separate sentence imposed on each count. State v. Cianci, 18 N.J. 191 (1955), cert. den. 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957); State v. Rullis, 79 N.J. Super. 221 (App. Div. 1963).
Reversed and remanded for a new trial.
NOTES
[1] See Code of Professional Responsibility, DR 5-105(C), for the nature of the obligations imposed on the attorney electing to represent multiple clients and see also Standard 3.5 of the ABA Project on Standards for Criminal Justice, "Standards Relating to the Defense Function" (Approved Draft 1971).
[2] Standard 5.6(c) of the ABA Project on Standards for Criminal Justice, "Standards Relating to the Prosecution Function" (Approved Draft 1971) provides that, "It is unprofessional conduct for a prosecutor to permit any tangible evidence to be displayed in the view of the judge or jury which would tend to prejudice fair consideration by the judge or jury until such time as a good faith tender is made."

"The premature display of a tangible article in the courtroom may be unduly inflammatory even though it is later admitted." Id. at 122.