STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
CLEO JESTER, DEFENDANT-APPELLANT.

Argued November 4, 1974—Decided June 19, 1975.

88

Mr. *Martin L. Kaplan,* designated counsel, argued the cause for defendant-appellant Jester (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Kaplan,* on the brief).

Mr. *Daniel J. Fitzpatrick,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Fitzpatrick,* on the brief).

The opinion of the Court was delivered by

CLIFFORD, J.   This last case in the trilogy of opinions handed down this day (see *State v. Davis,* 68 *N. J.* 69 (1975), and *State v. Ruiz,* 68 *N. J.* 54 (1975)), dealing with the problem of merger and drug-related offenses set forth in a multi-count indictment, began with an indictment containing one count for possession of heroin with intent to distribute and a second count for unlawful distribution thereof. The judgment of conviction after a jury trial was affirmed by the Appellate Division in an unreported opinion. We granted certification, 65 *N. J.* 571 (1974), to review the only issue presented by defendant in his petition, namely, that the convictions merged because (a) they arose out of a "single transaction," and (b) possession with intent to distribute is a lesser included offense in the crime of distribution.

Here, as in the companion cases, the basic information was assembled by an undercover police officer, one Detective Mc-Cue. Accompanied by an informer, McCue was introduced to defendant by another person from whom the officer had previously purchased drugs. McCue testified that Jester asked him if he wished to buy any "good dope" (heroin), in response to which McCue said that two bags would be enough. The defendant, according to McCue's testimony, "took sev-

eral glassine bags from the inside of a hat he was wearing and he produced two of them to me," for which McCue paid defendant $20. Laboratory analysis later revealed that the substance in the two bags purchased was heroin. Defendant denied ever having seen McCue prior to the trial and denied the possession or sale of any heroin.

■■ Again, as in *State v. Davis, supra,* and *State v. Ruiz, supra,* we conclude that under these facts the offenses do not merge. Possession with intent to distribute and distribution are separate stages in a proscribed course of conduct. Here, we are confronted with a defendant dealing with a relative stranger, having obtained the drugs other than at the officer's specific instance. Jester was walking around with the heroin in his hat and, after initiating the transaction, readily furnished the glassine bags from his person. His intent to distribute the heroin which he was directly proved to have possessed was manifest, and the possession itself was inferentially for a substantial period of time and not merely "fleeting and shadowy." See *State v. Booker,* 86 *N. J. Super.* 175 (App. Div. 1965).

■■ Furthermore, and as an alternative basis upon which our decision can be rested, there is in this case an additional feature not present in the companion cases: here the heroin which is the subject of each count against defendant is distinct. See *State v. Lowell,* 253 *So.* 2d 741 (Fla. App. 1971). Evidence supporting this is found in that part of McCue's testimony which indicates that Jester, a non-addict, sold only two of the "several" bags he took from his hat. Defendant's argument that this proof is deficient because the unsold residue was never tested or otherwise conclusively established to have been heroin misconceives the law. As Judge (now Chief Judge) Kaufman observed in *United States v. Agueci,* 310 *F.* 2d 817, 828 (2d Cir. 1962):

[T]he existence of and dealing with narcotics may be proved by circumstantial evidence; there need be no sample placed before the jury, nor need there be testimony by qualified chemists as long as

the evidence furnished ground for inferring that the material in question was narcotics.

Here the two packets which defendant sold — and which tested positively for heroin — were taken from among the several in his hat apparently at random. There is no suggestion that any care or scrutiny was employed in the selection process. If a random sample from the bulk is obtained and if that sample tests positively for heroin, that is sufficient to support the conclusion that the unsold residue is of the identical substance, absent any evidence to the contrary. *Cf. State v. Pipkin,* 101 *N. J. Super.* 598 (App. Div.), certif. den., 52 *N. J.* 484 (1968), *cert.* den., 393 *U. S.* 1042, 89 S. Ct. 668, 21 *L. Ed.* 2d 590 (1969). And, in light of the random selection from the bulk, the total quantity of "goods" possessed, and the defendant's manifest willingness to sell to a relative stranger, there was sufficient evidence to support a jury determination of possession with intent to distribute a controlled dangerous substance in packets not the same as those which were the subject matter of the distribution charge. *Cf. State v. Grayton,* 163 *Conn.* 104, 302 *A.* 2d 246, *cert.* den., 409 *U. S.* 1045, 93 S. Ct. 542, 34 *L. Ed.* 2d 495 (1972); *Mack v. State, Del. Supr.,* 312 *A.* 2d 319 (1973).

On either theory possession with intent to distribute and distribution are not single and identic. The sale to this buyer occurred at the specific moment money passed in exchange for the two foil packets. On the other hand possession with intent to distribute was a continuous act which tainted those two bags and the several glassine bags over and beyond the two actually sold, began (inferentially) as soon as possession in fact was obtained, and would have ended with transfer to not just McCue but to anyone else. Neither the "same transaction" nor the "lesser included offense" argument can prevail under the circumstances of this case.[1] As the legisla-

---

[1] We are satisfied that the two-count indictment here adequately set forth "the essential facts constituting the offense charged" in

ture implictly recognized in *N. J. S. A.* 24:21–19(a) & (b), the potential damage done by one who intends freely to market drugs for many to use is, at the very least, just as corrosive of the social structure as is the actual damage resulting from sale to one person, even though the object of each activity is not the same. Punishment on both counts is therefor appropriate.

The judgment of the Appellate Division is:

Affirmed.

PASHMAN, J. (dissenting). This is a companion case to *State v. Davis,* 68 *N. J.* 69 (1975) and *State v. Ruiz,* 68 *N. J.* 54 (1975), also decided today. The majority offers two alternate theories for sustaining the separate convictions for distribution of a controlled dangerous substance and possession with intent to distribute of such a substance, both in violation of *N. J. S. A.* 24:21–19(a)(1) on the facts of this case. The first is that convictions for these offenses never merge,[1] even if the same drugs are the basis for both convictions. I think this rationale unsound and improper, and reject it for the reasons set out in my dissent to *State v. Ruiz, supra* at 54.

The second theory is that the jury could have based its verdict on the possession count on evidence that the defendant was in possession of a quantity of heroin in addition to that sold to the undercover agent. *Ante* at 90–91. It may be that it would be proper to sustain both convictions if the conviction for possession were, in fact, based upon this ra-

---

each instance, *R.* 3:7–3(a), and the separateness of possession with intent to distribute from distribution was sufficiently adduced at trial. Nevertheless, we call attention to a problem inherent in this type of prosecution, where possession with intent to distribute significantly antedates and continues after the final transaction. The evidence should be presented so as to stress the crimes' separateness, thus avoiding the likelihood of a booby-trapped trial.

[1]Except where the possession is "fleeting and shadowy". *State v. Davis, supra* at 82–83.

tionale. I see no need to definitively decide that question here. The State did not try the case on that theory, nor does it now argue that the conviction could or should be upheld on this basis. The testimony of Detective McCue upon which the majority relies amounts to little more than a passing comment by the officer in the course of direct examination. The prosecution did not request that the trial judge instruct the jury on this theory and he did not do so. At this point, it would be impossible for the Court to ascertain from the record before it whether the jury reached its verdict on the basis of the possession of heroin other than that sold to the undercover agent even if the State now urged that it attempt to do so.

I would vacate the conviction for possession with intent to distribute as having merged into the conviction for distribution. The latter conviction would, of course, be unaffected by this disposition.

*For affirmance*—Chief Justice HUGHES, Justices SULLIVAN and CLIFFORD and Judge CONFORD—4.

*For reversal*—Justice PASHMAN—1.