136 N.J. Super. 354 (1975)
346 A.2d 411
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TED LAND AND JOAN LAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1975.
Decided October 2, 1975.
*356 Before Judges HALPERN, CRANE and MICHELS.
Mr. Donald S. Goldman argued the cause for appellant Joan Land (Messrs. Goldman, Goldman & Caprio, attorneys).
Mr. Michael A. Querques argued the cause for appellant Ted Land.
Mr. Michael A. Graham, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by CRANE, J.A.D.
In a two-count indictment defendants, husband and wife, were charged with possession of controlled dangerous substances, marijuana in an amount greater than 25 grams and cocaine. The second count charged them with possession of the same controlled dangerous substances with intent to distribute. After a trial by jury defendant Ted Land was found guilty on both counts. Defendant Joan Land was found guilty of possession but not guilty of possession with intent to distribute.
*357 Defendants were represented jointly at the trial by a privately retained attorney. The principal argument presented on appeal is that their joint representation by a single attorney deprived them of the effective assistance of counsel. Since the issue was not presented below, we must consider it as an assertion of plain error. R. 2:10-2.
The charges against defendants resulted from the seizure of a quantity of marijuana and cocaine by detectives conducting a search pursuant to a warrant at the one-family home occupied by defendants in Linden, New Jersey.
After a notice of appeal was filed by a different attorney on behalf of both defendants, a substitution of attorney was filed on behalf of the wife. Each of the defendants, now represented by separate attorneys, contends that his defense was hindered and impeded because of the fact that they were represented by a single attorney. They contend that their interests conflict, and relying on State v. Green, 129 N.J. Super. 157 (App. Div. 1974), as well as other cases, they urge that the prosecutor and the trial judge had a duty to warn them of the possibility of conflict. The trial in this case took place in November 1973 before the bench had the benefit of the suggestion in Green that in all cases of dual representation the trial judge should conduct an inquiry to determine whether defendants have been informed of the potential hazards.
Our perusal of the record persuades us that defendants have not been denied the effective assistance of counsel. Of their own volition they privately retained an attorney with many years experience at the bar. The case was vigorously defended. The State's witnesses were subjected to searching cross-examination. The trial strategy apparently employed was to challenge the State on the presentation of evidence on each and every element of the offenses and to minimize the connection of the wife with the controlled dangerous substances and the paraphernalia. The strategy was partly successful, as indicated by the acquittal of the wife on the *358 charge of possession with intent to distribute. Mrs. Land testified in her own defense; her husband did not. He did, however, make a statement to a probation officer which is incorporated in the presentence report, in which he admitted possession of the substances as an accommodation for a friend. In view of the overwhelming evidence of guilt, we perceive no miscarriage of justice. State v. Edge, 57 N.J. 580, 588-589 (1971). There is nothing in the record which would suggest that separate counsel would have achieved another result. State v. Smith, 59 N.J. 297, 300 (1971).
Defendant Joan Land argues that there was no proof that the marijuana she was alleged to have possessed weighed more than 25 grams. She urges that her motion for a judgment of acquittal should thus have been granted. We find no merit to her argument. The New Jersey Controlled Dangerous Substances Act, N.J.S.A. 24:21-1 et seq., under which defendants were indicted, distinguishes between the possession of marijuana in amounts greater than 25 grams and possession of lesser amounts. In N.J.S.A. 24:21-20(a) (3) it is provided that:
Any person who violates this section with respect to:
(3) Possession of more than 25 grams of marihuana, including any adulterants or dilutents, or more than 5 grams of hashish is guilty of a high misdemeanor and shall be punished by imprisonment for not more than 5 years, a fine of not more than $15,000.00, or both; provided, however, that any person who violates this section with respect to 25 grams or less of marihuana, including any adulterants or dilutents, or 5 grams or less of hashish is a disorderly person.
The total weight of the marijuana seized at defendants' home was 27.10 grams. It is of no moment that the marijuana may have contained stalks or sterilized seeds, as defendant Joan Land contends. Such substances may properly be considered as included within the phrase "adulterants or dilutents" which is an integral part of the statutory language describing the substance whose possession is proscribed.
*359 Defendant Ted Land contends that his conviction of both charges of possession of the controlled dangerous substances and possession with intent to distribute them is improper. He argues that possession is a lesser included offense within that of possession with intent to distribute. The contention would be well founded in a case where the offenses were not separable. This court has so held in State v. Ruiz, 127 N.J. Super. 350, 353 (App. Div. 1974). See also, State v. Wilkinson, 126 N.J. Super. 553, 556 (App. Div. 1973), certif. den. 63 N.J. 562 (1973). The issue before us was not considered by the Supreme Court in Ruiz on appeal since the only indictment the court was concerned with was one charging possession with intent to distribute heroin and distribution of heroin which was before the court as a matter of right by reason of a dissent in the Appellate Division. R. 2:2-1(a)(2). State v. Ruiz, 68 N.J. 54, 56 (1975). The offenses of possession with intent to distribute a controlled dangerous substance and distribution of the same substance in violation of N.J.S.A. 24:21-19(a)(1) have been held not to merge. State v. Ruiz, supra, and the companion cases of State v. Davis, 68 N.J. 69 (1975), and State v. Jester, 68 N.J. 87 (1975), have so held. In the instant case identifiably separate quantities of controlled dangerous substances were found at different locations in the household. A strongbox containing approximately a pound and a half of cocaine having a street value of $190,000 was found in a bedroom closet. The quantity and strength of the substance permitted an inference that it was intended for distribution to others. Foil packets of a lesser quantity of cocaine were found in a dresser in the bedroom, together with marijuana, cigarette papers, smoking pipes and smoked marijuana cigarette butts. An inference could well be drawn from the quantity and nature of these substances that they were possessed for personal use. The jury did in fact make such a distinction in the case of Joan Land, finding her guilty of possession but not of possession with intent *360 to distribute. The separate and distinct status of the caches is a factor which justifies and supports separate convictions. See State v. Jester, supra at 90. Our analysis of the evidence as suggested by State v. Davis, supra, 68 N.J. at 81, leads us to the conclusion that separate convictions were justified under the circumstances presented in this case.
Lastly, defendants contend that their sentences were excessive. Joan Land was sentenced to a term of nine months in the county jail, two months of which are to be served in custody, the balance suspended. She was fined $500 and placed on probation for five years. Ted Land was sentenced to a term of 10-12 years and fined $20,000 on the second count charging possession with intent to distribute. He was sentenced to 3-5 years and fined $10,000 on the first count. The custodial sentences are to be served concurrently. We have carefully considered the entire record, including the presentence reports. Having all of the circumstances in mind, we find no abuse of discretion. State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965); State v. Korzenowski, 123 N.J. Super. 454, 457 (App. Div. 1973), certif. den. 63 N.J. 327 (1973). The facts of State v. Ward, 57 N.J. 75 (1970), relied upon by defendant Joan Land, are clearly distinguishable.
The judgments of conviction are affirmed.