NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5606-14T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KABAKA ATIBA, a/k/a CLARENCE BROWN,
KABAKA ATITA and KABAKA ATIDA,

 Defendant-Appellant.
———————————————————————————

 Submitted January 31, 2017 – Decided March 7, 2017

 Before Judges Yannotti and Gilson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Atlantic County,
 Indictment No. 14-06-2075.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alicia Hubbard, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 James P. McClain, Atlantic County Prosecutor,
 attorney for respondent (Melinda A. Harrigan,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Following the denial of his motion to suppress cocaine seized

pursuant to a warrant, defendant Kabaka Atiba pled guilty to first-
degree possession of more than five ounces of cocaine with the

intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(1). In

accordance with the plea agreement, defendant was sentenced to ten

years in prison with fifty-four months of parole ineligibility.

Defendant appeals the denial of his motion to suppress and his

sentence. We affirm.

 I.

 Defendant's conviction arose out of a separate investigation

of the murder of a teenager. In the afternoon of January 8, 2014,

two individuals were shot. One of the victims was a teenager who

died as a result of his wounds. The police located three

witnesses. One of the witnesses reported that he had gotten into

a fight with a juvenile identified as J.F. After the fight, J.F.

threatened the witness by telling him, "you're lucky I didn't

shoot you." After J.F. walked away, the witness heard gunshots

and turned to see J.F. shoot the victims. J.F. then rode away on

a green bicycle.

 As part of their investigation, police obtained an address

for J.F. While the police were applying for a warrant to search

the residence, they established a surveillance at the residence.

During the surveillance, a woman came out of the residence and

informed the police that J.F. was not there. Shortly thereafter,

the police observed a man leave the home in a GMC Yukon. Suspecting

 2 A-5606-14T2
that the driver might be removing evidence relating to the

shootings and homicide, the police stopped the vehicle. The police

then impounded the vehicle and, while taking the vehicle to a

forensic unit, they noticed a plastic bag under the front seat.

Based on this information, the police applied for and obtained a

warrant to search the Yukon. That search revealed no evidence of

the shootings or homicide, but the police did locate over 190

grams of cocaine and two cellular phones.

 A grand jury indicted defendant on six counts for (1) first-

degree possession of more than five ounces of cocaine with the

intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(1); (2)

second-degree possession of cocaine with the intent to distribute

it within 500 feet of a public housing facility, N.J.S.A. 2C:35-

7.1; (3) third-degree possession of cocaine with the intent to

distribute it within 1000 feet of a school, N.J.S.A. 2C:35-7; (4)

third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a); (5)

third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); and

(6) fourth-degree obstruction of the administration of law,

N.J.S.A. 2C:29-1.

 Thereafter, defendant moved to suppress the physical evidence

found during the search of his vehicle. Neither the State nor

defendant called any witnesses. Instead, they submitted briefs,

supporting papers, and presented oral arguments. After hearing

 3 A-5606-14T2
arguments, the trial court denied the motion finding that the

warrant authorizing the search of the vehicle was based on

sufficient probable cause. On December 17, 2014, the court issued

an order memorializing the denial of the motion.

 Thereafter, on February 3, 2015, defendant entered a plea of

guilty to first-degree possession of cocaine with the intent to

distribute. In the plea agreement, the State agreed to recommend

a sentence of ten years of imprisonment with fifty-four months of

parole ineligibility. The plea also recommended that the sentence

be served concurrent to any sentence that might be imposed in a

criminal matter pending against defendant in federal court. In

that regard, the plea agreement provided that defendant's

sentencing would be postponed for a reasonable period of time to

allow defendant to address the federal charges. The plea agreement

also called for the dismissal of all remaining State charges

against defendant.

 Defendant's sentencing was originally scheduled for May 2015,

but was adjourned to June 12, 2015. Defendant made a motion to

adjourn the sentencing again because the federal matter had not

yet been resolved. The sentencing judge denied that motion

reasoning that there was no indication of when the federal matter

might be resolved and the State matter had been pending sentencing

since February 2015. In making his ruling, the sentencing judge

 4 A-5606-14T2
noted that the date for defendant's sentencing had twice been

adjourned.

 Defendant was then sentenced in accordance with the plea

agreement. Specifically, as noted earlier, he was sentenced to

ten years in prison with fifty-four months of parole ineligibility.

Defendant now appeals.

 II.

 On appeal, defendant presents three arguments for our

consideration.

 POINT I – BECAUSE THERE WAS NO PROBABLE CAUSE
 TO BELIEVE THAT MR. ATIBA WAS DISPOSING OF
 EVIDENCE OR THAT EVIDENCE OF THE SHOOTING
 WOULD BE FOUND IN HIS VEHICLE, THE SEARCH OF
 HIS AUTOMOBILE WAS UNCONSTITUTIONAL. (U.S.
 CONST., AMENDS. IV AND XIV; N.J. CONST.[],
 [ART.] I, [¶] 7)

 POINT II – THE TRIAL COURT IMPROPERLY DENIED
 THE MOTION FOR AN ADJOURNMENT OF SENTENCE
 (U.S. CONST., AMENDS. IV AND XIV; N.J.
 CONST.[], [ART.] I, [¶] 7)

 POINT III – THE COURT FAILED TO PROPERLY
 CONSIDER THE AGGRAVATING AND MITIGATING
 FACTORS AND IMPOSED AN[] EXCESSIVE PERIOD OF
 PAROLE INELIGIBILITY

 A. The Probable Cause for the Warrant

 "[A] search executed pursuant to a warrant is presumed to be

valid and . . . a defendant challenging its validity has the burden

to prove 'that there was no probable cause supporting the issuance

of the warrant or that the search was otherwise unreasonable.'"

 5 A-5606-14T2
State v. Jones, 179 N.J. 377, 388 (2004) (quoting State v.

Valencia, 93 N.J. 126, 133 (1983)). "Accordingly, courts 'accord

substantial deference to the discretionary determination resulting

in the issuance of the [search] warrant.'" State v. Keyes, 184

N.J. 541, 554 (2005) (alteration in original) (quoting Jones,

supra, 179 N.J. at 388).

 Deference to a judge's issuance of a search warrant, however,

is "not boundless." United States v. Leon, 468 U.S. 897, 914, 104

S. Ct. 3405, 3416, 82 L. Ed. 2d 677, 693 (1984). The warrant

cannot be based on an affidavit that does not "provide the

magistrate with a substantial basis for determining the existence

of probable cause." Illinois v. Gates, 462 U.S. 213, 239, 103 S.

Ct. 2317, 2332, 76 L. Ed. 2d 527, 549 (1983). Further, "probable

cause is not established by a conclusory affidavit that does not

provide a magistrate with sufficient facts to make an independent

determination as to whether the warrant should issue." State v.

Novembrino, 105 N.J. 95, 109 (1987).

 In determining whether an affidavit is sufficient to support

the issuance of a warrant, our Supreme Court has explained that

 usually the affidavits are prepared in the
 midst and haste of criminal investigation, and
 by police officers and detectives who are
 lay[persons] not possessed of the expertise
 in draftsmanship to be expected of a member
 of the bar or bench. Consequently a common
 sense approach must be taken in appraising the

 6 A-5606-14T2
 sufficiency of the factual allegations of the
 affidavit on which the request for the warrant
 is based. If the recitals would provide
 reasonable support for the belief of a prudent
 [person] that the law is being violated at a
 place reasonably identified, they will be
 deemed sufficient. Rigid and technical demands
 for elaborate specificity and precision are
 neither serviceable nor required in this area
 of criminal law.

 [State v. Boyd, 44 N.J. 390, 392-93 (1965)
 (citations omitted).]

 Defendant argues that the police did not have probable cause

to believe that his vehicle contained evidence relevant to the

shooting and murder investigation. Thus, he contends that the

officers lacked sufficient facts to support the assertion that

there was a "high probability" such evidence would be found in the

vehicle. We disagree.

 The police were investigating a shooting and murder, which

had just occurred. As part of that investigation, the police

learned that the juvenile suspect was believed to be a resident

at a particular location. While surveilling that location, a

woman came out and informed them that the juvenile was not present.

It was reasonable under those circumstances for the police to

believe that they had been observed and that there was an effort

to get them to look elsewhere. Coupled with that suspicion, they

then observed defendant leave the residence. Based on the

officers' training and experience, the officers completed a search

 7 A-5606-14T2
warrant application stating that it was likely that defendant was

leaving the residence with evidence relevant to the investigation.

The record adequately supports the determination that there was

probable cause to issue the warrant to search the vehicle.

 B. The Request to Adjourn the Sentencing

 "The trial court's decision to grant or deny an adjournment

is reviewed under an abuse of discretion standard." State ex rel.

Com'r of Transp. v. Shalom Money St., LLC, 432 N.J. Super. 1, 7

(App. Div. 2013) (citing State v. D'Orsi, 113 N.J. Super. 527, 532

(App. Div.), certif. denied, 58 N.J. 335 (1971)).

 On February 3, 2015, defendant pled guilty to first-degree

possession of cocaine with the intent to distribute. The plea

agreement called for "reasonable sentence postponement[s]" to

allow for the disposition of defendant's pending federal charges.

Accordingly, when the plea was taken, the court initially scheduled

the sentencing for May 2015.

 The sentencing was thereafter adjourned and rescheduled for

June 12, 2015. Defendant moved for a further postponement arguing

that his federal charges were still pending. The sentencing court

considered, but rejected defendant's request. In doing so, the

court noted that the sentencing had been adjourned at least twice.

The court also observed that defendant had not entered a plea in

the federal case and there was no indication whether and when he

 8 A-5606-14T2
might do so or when the federal matter would be resolved. The

sentencing court, therefore, determined that a further adjournment

was not justified.

 Defendant argues that the denial of the further adjournment

was contrary to the terms of the plea agreement. Defendant also

argues that the imposition of a state sentence before the federal

sentence may result in sentences that are not concurrent.

 There is nothing in the plea agreement that guaranteed

defendant ongoing adjournments. Instead, the plea agreement

references "reasonable sentence postponements[.]" We discern no

abuse of discretion in the sentencing court's decision not to

postpone the sentence beyond June 2015, when defendant had pled

guilty four months before the sentencing took place.

 There is also nothing in the plea agreement that guaranteed

defendant that his state sentence would not be imposed before the

federal sentence. While defendant now argues that it may be more

difficult for him to have his federal sentence run concurrent to

his state sentence, there is nothing that prevents the federal

court from imposing a concurrent sentence.

 C. The Sentence

 Finally, defendant argues that the period of parole

ineligibility imposed was excessive. He contends that the court

placed too much weight on aggravating factor nine (the need to

 9 A-5606-14T2
deter defendant and others from violating the law), and ignored

mitigating factor eleven (incarceration will cause defendant or

his dependents excessive hardship).

 Appellate review of sentencing decisions is deferential and

governed by an abuse of discretion standard. State v. Blackmon,

202 N.J. 283, 297 (2010). "At the time of sentencing, the court

must 'state reasons for imposing such a sentence including . . .

the factual basis supporting a finding of particular aggravating

or mitigating factors effecting sentence.'" State v. Fuentes, 217

N.J. 57, 73 (2014) (quoting R. 3:21-4(g)). If the sentencing

court has not demonstrated "a clear error of judgment" or the

sentence does not "shock the judicial conscience," an appellate

court should not substitute its judgment for that of the sentencing

judge. State v. Roth, 95 N.J. 334, 364-65 (1984).

 Here, the sentencing court found aggravating factors three,

N.J.S.A. 2C:44-1(a)(3) (the risk defendant will commit another

offense); six, N.J.S.A. 2C:44-1(a)(6) (the extent of his prior

criminal record); and nine, N.J.S.A. 2C:44-1(a)(9) (the need for

deterrence). The court noted that defendant had two prior

indictable convictions and an extensive juvenile record. Those

facts supported both aggravating factors three and six. The court

also explained the need for deterrence, particularly when

deterring drug offenses involving the intent to distribute.

 10 A-5606-14T2
 The court also determined that there were no mitigating

factors. In that regard, the record reflects that defense counsel

did not argue for any mitigating factors. Defendant, however, now

argues that the court should have found mitigating factor eleven,

which considers whether incarceration will cause defendant or his

dependents excessive hardship. N.J.S.A. 2C:44-1(b)(11). In

support of that argument, defendant contends that he has been

diagnosed with diabetes and that he was supporting two children

at the time he was sentenced. Those facts, when balanced against

the aggravating factors, do not establish an abuse of discretion

by the trial court.

 There was also no abuse of discretion in the imposition of

fifty-four months of parole ineligibility. Defendant pled guilty

to N.J.S.A. 2C:35-5(b)(1) and that statute mandates that "[t]he

term of imprisonment shall include the imposition of a minimum

term which shall be fixed at, or between, one-third and one-half

of the sentence imposed, during which the defendant shall be

ineligible for parole." Defendant was sentenced to a ten-year

term of imprisonment and, thus, he was subject to a mandatory

period of parole ineligibility anywhere from forty months to sixty

months. In accordance with the plea agreement, defendant was

sentenced to fifty-four months of parole ineligibility.

 Affirmed.

 11 A-5606-14T2