STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SALVATORE RIZZO AND FELIX JAQUINDO, DEFEND-ANTS-APPELLANTS.

Argued November 3, 1975—Decided December 3, 1975.

*Mr. Allen C. Marra* argued the cause *pro se.*

*Mr. R. Benjamin Cohen,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Anthony J. Fusco, Mr. Harry Robinson, III* and *Mr. Steven Rosenfeld,* Assistant Prosecutors, of counsel; *Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. The Appellate Division upheld the orders of the trial court relieving Allen C. Marra as counsel to Felix Jaquindo and Salvatore Rizzo in this cause. We affirm the judgment of the Appellate Division substantially for the reasons set forth in its majority opinion reported at 138 *N. J. Super.* 62 (1975), designated as *State v. Jaquindo, et al.,* and for the following additional reason.

Mr. Marra was associated with Thomas P. Ford, Jr. in the practice of the law at the time each undertook to represent his respective clients who had been indicted on charges growing out of a lengthy investigation by the Essex County Prosecutor's Office of the activities of certain public officials of the City of Orange. In *State v. Lucarello,* 69 *N. J.* 31, also decided this day, we upheld the order relieving Mr. Ford as counsel for Quincy H. Lucarello in this cause because of conflict of interest due to his former position as an Assistant Prosecutor of Essex County and First Assistant Prosecutor of Essex County during the period between Sep-

tember 1959 and September of 1971. (The investigation by the prosecutor's office, heretofore referred to, began in 1965 and was still continuing when Mr. Ford left the office in 1971.) The facts establishing Mr. Ford's conflict of interest are detailed in the majority opinion of the Appellate Division reported at 135 *N. J. Super.* 347 (1975) and need not be repeated. Suffice it to note that a clear case of Mr. Ford's disqualification in this matter was made out.

Even if Mr. Marra had not occupied a conflicting position by virtue of his own employment as an Assistant Prosecutor of Essex County during the continuation of the same investigation, while much of the information relevant to the crimes charged herein was being gathered, his association in the practice of law with Mr. Ford undermines his position. Mr. Marra's representation of officials of the City of Orange on criminal charges growing out of the continuing investigation participated in by Mr. Ford while in the prosecutor's office, would subject Mr. Marra to the same conflict of interest found to exist as to Mr. Ford. Mr. Marra's disqualification is mandated under DR5–105(D). Public confidence in the integrity of our criminal judicial process would require no less. See Comment, "The Former Government Attorney and the Canons of Professional Ethics," 70 *Harv. L. Rev.* 657, 662 (1957).

There is no suggestion that either Mr. Ford or Mr. Marra has made use of information acquired in his previous official capacity. However, a lawyer must avoid even the appearance of impropriety, DR9–101, to the end that the image of disinterested justice is not impoverished or tainted. Thus it is that sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice. Such is the basis of our necessary ruling in this case.

Affirmed.

31

*For affirmance*—Chief Justices HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.