144 N.J. Super. 527 (1976)
366 A.2d 706
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MOODY CANERY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 3, 1976.
Decided November 15, 1976.
*528 Before Judges LYNCH, MILMED and ANTELL.
*529 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. David H. BenAsher, Designated Counsel, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Mart Vaarsi, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant Moody Canery and codefendant Wesley York were charged with assault with intent to rob (N.J.S.A. 2A:90-2), robbery (N.J.S.A. 2A:141-1), and being armed while committing these offenses (N.J.S.A. 2A:151-5). A jury found defendant guilty on all counts while the codefendant was acquitted.
Defendant on appeal raises the following claims of error: (1) failure to grant a mistrial based on denial of effective assistance of counsel due to a conflict of interest on the part of the pretrial investigator; (2) delivery of a jury instruction on flight when no such charge was appropriate, and (3) delivery of the flight instruction incorrectly.
At trial defendant and codefendant were represented by separate counsel from the Public Defender's Office. During trial it was discovered that, through an administrative error, one investigator had been assigned pretrial investigative work for both defendants and had interviewed a victim on behalf of both of those parties. Subsequently, the investigator filed divergent investigative reports with each defendant's respective counsel.
When the administrative error was discovered during trial, defendant made a motion for mistrial on the basis of alleged prejudice resulting from the investigator's failure to report to defendant's counsel additional information, contained in the codefendant's report, which would have been helpful in cross-examining the victim/witness. Beyond this specific deletion of information from his report, defendant claimed a general prejudice to his case because the alleged conflict of interest to which the investigator was subject influenced all of his *530 work product. Defendant claims he was thereby denied the right to effective, independent counsel.
The trial judge allowed defendant's counsel to review the investigation report given to codefendant's counsel. He then recalled the victim in question to the witness stand for further cross-examination. We conclude that the trial judge's action negated defendant's claim of prejudice.
N.J.S.A. 2A:158A-5 makes provision for the defense of indigents by the Public Defender's office and states in pertinent part:
All necessary services and facilities of representation (including investigation and other preparation) shall be provided in every case.
The impetus behind such a statutory provision is defendant's right under the Federal and State Constitutions to unimpaired and effective assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); State v. Whitlow, 45 N.J. 3 (1965). The use of investigative services, as every practitioner knows, can be vital in the preparation of an adequate defense. Therefore, use of an investigator who, as a result of a conflict of interest, would curtail the scope of his investigation, could negate the right of the defendant to have adequate and effective legal services.
In deciding whether an attorney is subject to a conflict of interest in his dual representation of codefendants, the facts of the individual case are considered. The main focus of inquiry is whether maintenance of a defense on behalf of one of the defendants would tend to be restricted because it conflicts with the defense of the second defendant. This type of situation would deny a defendant his right to loyal and effective counsel. Even more basically, the question is whether separate counsel could have followed another strategy and achieved a different result. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); State v. *531 Smith, 59 N.J. 297 (1971); State v. Land, 136 N.J. Super. 354 (App. Div. 1975); State v. Green, 129 N.J. Super. 157 (App. Div. 1974); State v. Ebinger, 97 N.J. Super. 23 (App Div. 1967).
This same standard should be applied to the investigator who helps prepare the counsel's case. Would he be forced to compromise his investigation on behalf of one defendant in order to shield the defense strategy of the other?
In the present case codefendant York claimed that he was not present during the commission of the crimes. Defendant claimed that although he was present, he was coerced into participation. Defendant never claimed that York was present. In fact, after his arrest defendant identified two others who, he alleged, coerced his participation. Neither one of these was York. We find that these defenses are not in conflict with each other. Under such circumstances, investigation by one person could not prejudice defendant. Therefore, there was no abuse of discretion in the denial of his mistrial motion based on this ground. State v. Di Rienzo, 53 N.J. 360 (1969).
With respect to defendant's second and third claims of error, we have reviewed the record and determined that a jury question was presented as to whether defendant departed the scene because of a consciousness of guilt and a desire to avoid an accusation based on that guilt. State v. Sullivan, 43 N.J. 209, cert. den. 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed.2d 477 (1964). Therefore the charge on flight was appropriate. Further, the charge adequately and fairly instructed the jury.
Affirmed.