152 N.J. Super. 67 (1977)
377 A.2d 774
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CASPER MORELLI, DEFENDANT-RESPONDENT, AND URBAN GIARDINO AND EMIL PERI, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 23, 1977.
Decided July 26, 1977.
*69 Before Judges BISCHOFF, MORGAN and KING.
Mr. Burrell Ives Humphreys, Passaic County Prosecutor, for appellant (Mr. Gary H. Schlyen, Assistant Prosecutor and Mr. Richard F. Thayer, Assistant Prosecutor, on the brief).
Messrs. Saginario and Wiener, for respondent (Mr. Philip M. Saginario on the brief).
PER CURIAM.
Three issues are presented on this interlocutory appeal and cross-appeal. The State seeks to disqualify defendant Morelli's attorney because of his firm's representation of a key prosecution witness and because his firm now employs an attorney who worked in the prosecutor's *70 office while the investigation which led to this indictment was being conducted. Defendant cross-appeals to compel disclosure of the identity of a police officer who supplied information during the investigation.
Defendants, three policemen of the City of Paterson, were indicted in May of 1976 for misconduct in office. The following month Philip M. Saginario entered his appearance as attorney for defendant Morelli. It developed that Saginario had previously represented key prosecution witness Allen, who was named as an unindicted coconspirator in the indictment. The State moved the court to "determine the propriety of the continued representation of defendant Morelli by his attorney Saginario." By order dated September 29, 1976 the trial judge refused to rule on the ethical propriety of the representation and held Saginario could not be disqualified since defendant was fully aware of the possible prejudice to himself and still wished to retain Saginario. Defendant allegedly waived any appeal rights arising from the conflict.
In October 1976 the State filed a second motion to "determine the propriety of continued representation" on the grounds that an assistant prosecutor who had been employed by the Passaic County Prosecutor's office from December 1973 to October 1976, during which period the grand jury investigation which culminated in the return of this indictment had taken place, had joined Saginario's firm in October 1976. The trial judge again ruled that Saginario would not be prohibited from continuing as defense counsel. Because of these appeals an order granting severance of defendant Morelli was entered and the other two defendants were tried separately.
The State contends that Saginario's employment of a former assistant prosecutor, who served during the investigation leading to Morelli's indictment, is grounds for disqualification. We agree. One of the primary purposes of the Rules of Professional Ethics is to preserve and protect the reputation of lawyers. As the New Jersey Advisory Committee on *71 Professional Ethics stated in Opinion 6, 86 N.J.L.J. 718 (1963): "To maintain public confidence in the bar, it is necessary not only to avoid actual wrongdoing, but even the appearance of wrongdoing." In 1975 our Supreme Court rendered two decisions which disqualified the attorney for defendant in a criminal case. We find them controlling. Although in State v. Lucarello, 135 N.J. Super. 347 (App. Div. 1975) aff'd o.b. 69 N.J. 31 (1975), the indictments charged defendant with acts occurring after his counsel had left the prosecutor's office, much of the information relevant to the crimes charged had been gathered while his counsel was a first assistant prosecutor. The Appellate Division held: "Defendant of course, is entitled to retain qualified counsel of his own choice. He has no right, however, to demand to be represented by an attorney disqualified because of an ethical requirement." 135 N.J. Super. at 353. In State v. Jaquindo, 138 N.J. Super. 62 (App. Div. 1975) aff'd sub nom. State v. Rizzo, 69 N.J. 28 (1975) defense counsel was disqualified even though the attorney-former assistant prosecutor had not taken part in the investigation leading to indictments, and some of the charges arose after counsel had left the prosecutor's office. The court maintained that because much of the information relevant to the crimes charged was gathered while counsel was an assistant prosecutor, public confidence in the bar demanded no less than his disqualification. The Supreme Court agreed, substantially for the reasons set forth in the majority opinion, and added that even if counsel for defendants had not occupied a conflicting position by reason of his own employment as assistant prosecutor during part of the investigation, his association in the practice of law with another attorney who was involved in the investigation would preclude his representation of defendants under DR 5-105(D). Ibid.
In Opinion 340 of the Advisory Committee on Professional Ethics, 99 N.J.L.J. 610 (1976), a trial judge disqualified an attorney from representing a defendant because an associate in the law firm had been a member of the prosecutor's *72 staff during the time when the crimes charged were being investigated. The inquirer asked if he could represent an already convicted codefendant on appeal. Citing its Opinion 207, 94 N.J.L.J. 451 (1971), and Opinion 276, 96 N.J.L.J. 1461 (1973), the Advisory Committee concluded that "based on the inacceptable appearance of possible impropriety", such representation was ethically impermissible. The Committee's latest opinion, No. 361, 100 N.J.L.J. 1 (1977) held that a firm may not represent any defendant who was investigated or under indictment during the time an associate of the firm was on the staff of the county prosecutor. Whether the assistant prosecutor had any connection with the investigation or the preparation of the case was immaterial, since there would still be the unacceptable appearance of possible impropriety to the general public.
We accept the rationale of Opinion 361 and hold attorney Saginario is required to withdraw in this case. Our courts have been sensitive to situations in which a defense attorney must be disqualified due to the "risk of the unacceptable appearance of possible impropriety." The appearance of impropriety here is heightened by allegations of an additional conflict of interest, but if no such conflict were alleged, attorney Saginario would still be disqualified because a former prosecutor has joined his firm. Since the basis of this holding is the possible appearance of impropriety, Saginario would continue to be disqualified even if the former prosecutor should leave his office. This conclusion is necessitated by the same rationale which caused the Advisory Committee on Professional Ethics to recommend withdrawal in Opinion 276, supra:
We find it difficult to believe that the public would be able to understand the distinction here sought to be made, particularly in view of the time frame involved. The public would, we think, merely be aware that a criminal investigation within the jurisdiction of the inquirer's former office was conducted while the inquirer was a part of the law enforcement apparatus entrusted with the discovery and prosecution of crimes. *73 The trial judge's concern with probable prejudice to defendant is beside the point. The primary concern on this application is the contention of the real or apparent prejudice to the State. This concern was the basis for the Supreme Court's rulings in Luccarello and Rizzo, supra, and our holding here.
We also agree with the State's second basis for contending that Saginario be disqualified as defense counsel. This contention involves his representation of an unindicted coconspirator and a key prosecution witness, Allen. Although there is some factual dispute, there were no doubt significant confidential contacts between Saginario's office and Allen. Saginario claims he has never been Allen's counsel in this criminal cause. Saginario originally represented Allen in a workmen's compensation matter but the remainder of that case has been transferred to new counsel. When Allen, who now resides in Florida, was originally requested to appear before the grand jury, Saginario was contacted by both the prosecutor's office and Allen regarding the appearance. Saginario then expressed concern about Allen's possible criminal liability and wanted assurances that Allen was not a target of the investigation. When Allen appeared before the grand jury an attorney in Saginario's office went along to the interview at the prosecutor's office and waited outside the grand jury room while Allen testified. At least once Allen asked to leave the room and to confer with this attorney. The office associate claims he never discussed any particulars about that day with Saginario. Saginario claims his firm was never engaged to represent Allen in this criminal matter and that he was accompanied to the grand jury room "merely as an accommodation to a client * * *." Allen is no longer a client of the firm, and the fact that Allen now permanently resides in Florida may suggest defense counsel has no more pecuniary interest in Allen's affairs. See United States v. Jeffers, 520 F.2d 1256, 1260 (7 Cir.1975). The State attacks this denial of continued loyalty, however, by pointing out that Saginario spoke to Allen at the severed *74 trial of codefendants and Allen has described Saginario as "a personal friend."
Although these facts may not be conclusive of an attorney-client relationship, they do nonetheless carry a clear suggestion of a sufficiently close relationship between Saginario and Allen to require Saginario to step aside. Whether a financial retainer is paid is not conclusive of the existence of an attorney-client relationship. One who assumes to give legal advice assumes the role of an attorney. In re Makowski, 73 N.J. 265 (1977); Shoup v. Dowsey, 134 N.J. Eq. 440 (Ch. 1944); 7 Am Jur.2d, Attorneys at Law, § 91 at 105. Nor may defendant's waiver of any right to appeal based on the ineffective assistance of counsel arising from a conflict of interest be considered a conclusive relinquishment of this right since State v. Gibson, 68 N.J. 499 (1975) (right of appeal may not be waived as part of a plea agreement). We conclude Saginario's representation of Allen precludes his appearance as defense counsel for defendant Morelli in this case.
Finally, defendant cross-appeals from the trial judge's refusal to require identification of the police officer informant. A defendant has the right to be informed of the case against him. The identity of a person having relevant evidence may be withheld only for good cause for protection of confidential relationships and privileges recognized by law, and not even then if "disclosure of his identity is essential to assure a fair determination of the issues." R. 3: 13-3(a) (7), (d); Evid. R. 36. If requested to withhold identity a court must balance the indispensable role served by informers in police work and the importance of encouraging their continued cooperation, with the rights of defendant. Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). New Jersey holds that the identification of a nonparticipant informer will not be disclosed upon mootless speculation. The defense must advance more than the ungrounded hope that if the informer were called as a witness, he would say something which might possibly *75 discredit other witnesses and lead to an acquittal. State v. Oliver, 50 N.J. 39, 42 (1967).
* * * absent a strong showing of need, courts generally deny disclosure where the informant plays only a marginal role, such as providing information or "tips" to the police or participating in the preliminary stage of a criminal investigation [State v. Milligan, 71 N.J. 373, 387 (1976) citations omitted.]
Since all defendants will routinely request disclosure of an informant's identity because they have nothing to lose, and may gain dismissal of the charges where the State declines to reveal its sources of information, our law appropriately places a heavy burden on a defendant before the court will require disclosure of an informant's identity. Id. at 393.
Defendant Morelli has not met this burden. The State asserts the police officer-informant supplied information of a second-hand nature to the prosecutor's office. No factual basis has been established to show the testimony of the informant may illuminate any of the areas of defense alleged. In this context the need exists to encourage the continued cooperation of an informant-policeman during the course of his job. The fact the informant is a policeman is relevant to nondisclosure because the information resulted in the indictment of fellow policemen. We are not unaware of the problems the informant might encounter at work were his name disclosed. He must continue to live and perform in the departmental environment and we recognize the policy of protecting such informants absent some overriding consideration. In this case there has been no showing requiring disclosure of the informant's identity. All information pertinent to a fair presentation of the defense is available notwithstanding the trial judge's ruling upholding nondisclosure.
The ruling of the trial judge is reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.