260 N.J. Super. 309 (1992)
616 A.2d 926
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEONARDO MUNIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1992.
Decided November 17, 1992.
*311 Before Judges GAULKIN, STERN and BROCHIN.
Bradley J. Ferencz, Deputy Public Defender, argued the cause for defendant (Zulima V. Farber, Public Defender, attorney).
Robert J. Brass, Assistant Prosecutor, argued the cause for the plaintiff (Robert W. Gluck, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by STERN, J.A.D.
We grant the Office of the Public Defender, "appearing on behalf of defendant," leave to appeal from an order of the Law Division disqualifying it as counsel for defendant and directing it to "pool" the case to outside counsel for purposes of representing defendant in this murder prosecution. The trial judge, on the State's application, concluded that there was an "appearance of impropriety" by virtue of the fact that the same region of the Public Defender's office was representing the murder victim on another matter at the time of his death. At telephonic oral argument on the motion for leave to appeal before us, the prosecutor acknowledged that there is no evidence that the victim's death was in any way related to the prosecution of the matter for which the Public Defender had represented the victim or to any other prosecution. Rather, the evidence in the case indicates that defendant and the victim argued over a woman before the victim was killed.
It is, of course, well established that a lawyer generally cannot represent a client if he, or someone else in his office, represents or previously represented a person with an adverse interest, R.P.C. 1.7., 1.10, and this is also true when such representation would involve "an appearance of impropriety *312 rather than an actual conflict," R.P.C. 1.7(c)(2). See also, e.g., In re Petition for Review of Opinion No. 569, 103 N.J. 325, 329-330, 511 A.2d 119 (1986); In re Garber, 95 N.J. 597, 609-11, 472 A.2d 566 (1984); Ross v. Canino, 93 N.J. 402, 409, 461 A.2d 585 (1983); State v. Rizzo, 69 N.J. 28, 30, 350 A.2d 225 (1975); In re Cipriano, 68 N.J. 398, 403, 346 A.2d 393 (1975); note State v. Galati, 64 N.J. 572, 578-79, 319 A.2d 220 (1974) (representation of P.B.A. prevents representation of defendant where P.B.A. officer will testify). Further, the lawyer, or office associate, cannot reveal confidential information obtained by the prior representation in order to assist another client. R.P.C. 1.6; R.P.C. 1.9(a)(2). See also Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 536 A.2d 243 (1988); Reardon v. Marlayne, Inc., 83 N.J. 460, 473, 416 A.2d 852 (1980).
Nevertheless, there is a distinction between attorneys practicing within the Office of the Public Defender and defense counsel in private practice. See State v. Bell, 90 N.J. 163, 447 A.2d 525 (1982). While speaking in the context of joint representation of multiple defendants in the same prosecution, our Supreme Court has concluded that "the same potential for conflict" did not exist where the attorneys representing co-defendants were associates of the Public Defender's office, 90 N.J. at 167, 447 A.2d 525, "and that multiple representation by public defenders does not in itself give rise to a presumption of prejudice." Ibid. Here, as in Bell, we are not dealing with "the financial benefits to the firm" which flow from private representation of multiple parties, and as the Supreme Court noted, "[p]ublic interest firms have no financial incentive in retaining the cases" which involve representation of more than one interest. Id. at 168, 447 A.2d 525.[1] Consequently, "the public does not lose confidence in a rule allowing attorneys in *313 the same office" to act in a way that would not be tolerated from private counsel. Ibid.
In Bell, our Supreme Court followed precedent emanating from the State of Illinois requiring "some showing of a conflict of interest before prejudice to the defendant will be found," in circumstances involving "multiple representation by a public defender's office." Id. at 169, 447 A.2d 525, citing People v. Robinson, 79 Ill.2d 147, 37 Ill.Dec. 267, 402 N.E.2d 157 (1980). See also e.g., In re Advisory Opinion, 77 N.J. 199, 390 A.2d 118 (1978) (although former assistant prosecutor could not for six months handle matter against his former office, his firm could represent criminal defendant, so long as the former prosecutor had no participation or involvement in the matter); see also Ross v. Canino, supra, (firm of former Attorney General could handle matter that arose during his term in public office, provided that he had no personal involvement in case in either office); compare, Review of Opinion 569, supra, (former Deputy Attorney General may not personally for six months handle matter pending before board he represented if matter was pending at the time he represented board). However, while our Supreme Court in Bell adopted no per se rule or presumption of conflict for joint multiple representation by the Public Defender, it noted that "should the circumstances demonstrate a potential conflict of interest and a significant likelihood of prejudice," appropriate action could be taken based on "the presumption of both an actual conflict of interest and actual prejudice ... without the necessity of proving such prejudice." 90 N.J. at 171, 447 A.2d 525. See also State v. Canery, 144 N.J. Super. 527, 529-31, 366 A.2d 706 (App.Div. 1976), certif. denied, 74 N.J. 259, 377 A.2d 664 (1977) (no reversal required where same person acted as investigator for two defendants "represented by separate counsel from the Public Defender's Office"; no prejudice).
Like our Supreme Court, the Supreme Court of Illinois has made clear that where a conflict of interest appears, a criminal defendant generally need not show actual prejudice, and where *314 one attorney is disqualified all others in the same office are similarly disqualified. People v. Free, 112 Ill.2d 154, 97 Ill.Dec. 396, 401, 492 N.E.2d 1269, 1274 (1986), cert. denied, 479 U.S. 871, 107 S.Ct. 246, 93 L.Ed.2d 170 (1986). However, "the disqualification of one public defender will not necessarily disqualify all members of that office. In such cases a case-by-case inquiry must be made to determine whether competing or differing interests will preclude the representation by the public defender's office." Free, 97 Ill.Dec. at 402, 492 N.E.2d at 1275 (citations omitted). In Free the court concluded that there was no per se conflict where the Public Defender's office "contemporaneously" represented a witness and a criminal defendant. See also State v. Jennings, 216 Conn. 647, 583 A.2d 915, 920 (1990) (another Public Defender had represented victim in unrelated case; no abuse of discretion in denying motion for new counsel; witnesses had signed waivers of confidentiality and no actual prejudice alleged); State v. Holscher, 417 N.W.2d 698, 701 (Minn.App. 1988) (another Public Defender had represented victim in unrelated case while present case was pending; no actual prejudice); People v. Coates, 109 Ill.2d 431, 94 Ill.Dec. 421, 488 N.E.2d 247 (1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1474, 89 L.Ed.2d 729 (1986) (attorney in Public Defender's office had represented victim's mother; both attorneys still in Public Defender's office); Annotation, Circumstances Giving Rise to Prejudicial Conflict of Interests Between Criminal Defendant and Defense Counsel  State Cases, 18 A.L.R.4th 360, 394-95, 404-16 (1981 and 1992 Supp.).
In this case, the Assistant Deputy Public Defender who represented the victim in his drug prosecution, which had been disposed of by negotiated plea and was pending sentencing at the time of his death, left the Public Defender's office before defendant's present counsel was hired; the file in that case was "sealed" by the Public Defender "and placed with a pool attorney" who later examined the file and had no objection to the representation of defendant by the regional Assistant Deputy *315 Public Defender "since there is no possibility that an issue of privilege would arise requiring a waiver" of the victim's attorney client privilege; the victim and the defendant were not simultaneously represented by the Public Defender; the victim will not be able to testify; the State has no evidence that the murder prosecution has any relationship whatsoever to the former prosecution of the victim or that the victim's death has any relationship whatsoever to the victim's prosecution, and the defendant by certification has indicated that he wants his present attorney within the Office of the Public Defender "to proceed" with his representation.
Reviewing the record as a whole, we cannot conclude that the Public Defender is precluded from representing defendant who has been represented by that office and wants continued representation from that office. In appropriate circumstances the issue of the defendant's desires should be fully developed at a hearing when either the prosecution, defendant or defense attorney raise the question of conflict or appearance of conflict and the trial judge is considering the "competing or differing interests" involved. People v. Free, supra, 97 Ill.Dec. at 402, 492 N.E.2d at 1275. Cf. State v. Bell, supra. Because of the possibility that defendant's views, if based on inadequate exploration of relevant factors, could affect the possibility of a later collateral attack on any conviction entered while represented by an Assistant Deputy Public Defender, see e.g. People v. Free; State v. Jennings; State v. Holscher, supra, the trial judge should carefully explain to defendant that the victim's file may contain confidential communications which may or may not impact on a defense or other issues in the case. The defendant's desires, expressed after he is fully advised, should be considered as part of the totality of the circumstances relating to whether the Public Defender's assignment of counsel *316 should be upheld.[2]Cf. State v. Crisafi, 128 N.J. 499, 608 A.2d 317 (1992); R. 3:8-2.
The matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] We recognize that with the severe budget limitations now facing the Public Defender, there may be some financial incentives to "pool" as few cases as possible. But, subject to ethical restrictions, these are not the types of "financial incentives" which apply to attorneys in the private sector.
[2] The issue before us does not deal with a question of preferred practice. In fact, the Public Defender originally "pooled" defendant's case to an attorney who subsequently returned the case to the Public Defender when appointed to the Bench. We do not suggest that a defendant can object to the Public Defender's decision to "pool" a case. Here, the Public Defender wants to retain the case, and the issue deals with the propriety of the Public Defender's exercise of her initial right to select counsel for a defendant. See e.g. N.J.S.A. 2A:158A-9, -10.