688 A.2d 1135

STATE OF NEW JERSEY, PLAINTIFF, v. GREGORY NEEDHAM, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

July 9, 1996.

*Joel Aronow,* Acting Assistant Prosecutor, for the State (*Lee A. Solomon,* Acting Camden County Prosecutor, attorney).

*Jeffrey Zucker* for defendant (*Sufrin Zucker Steinberg Waller & Wixted, P.A.,* attorneys; *Matthew V. Portella,* on the brief).

ROSENZWEIG, J.S.C.

This case presents the issue of whether a defense attorney must be disqualified upon motion by the State when that attorney represented one of the chief prosecution witnesses in an entirely unrelated matter. This court holds that such representation would create an appearance of impropriety and that the defense attorney should be disqualified.

Defendant is charged with various offenses arising out of an incident which occurred on April 24, 1995. Officer Warner was one of the law enforcement officers who responded to a call from defendant's mother on April 24, 1995. The State alleges that defendant barricaded himself in the house with a gun, pointed the gun at the police, and threatened them. The State alleges that after being persuaded to leave the house, defendant threatened Officer Warner and others en route to the police station. One of the counts of the indictment alleges that defendant threatened to commit a crime of violence against Officer Warner and his family. Officer Warner is expected to testify at defendant's trial.

Jeffrey Zucker, Esquire, represents defendant in the instant matter. Mr. Zucker represented Officer Warner in an indictable criminal matter seven years ago in which Officer Warner was acquitted after a trial by jury. Jeffrey Zucker also represented officer Warner commencing as recently as May of 1995, in an

internal affairs investigation. The latter matter was successfully resolved in January of 1996, by Mr. Zucker before the internal affairs investigation culminated in a formal charge. Nonetheless, Zucker's representation of officer Warner in the internal affairs matter occurred during the very same time period that the charges which are the subject of this opinion arose.

The State has filed a motion to disqualify defense counsel due to the appearance of impropriety. In moving to disqualify defendant's chosen counsel, the State bears the burden of proving that disqualification is justified. *State v. Catanoso*, 222 *N.J.Super.* 641, 644, 537 *A.*2d 794 (Law.Div.1987) (*citing State v. Morelli*, 152 *N.J.Super.* 67, 70, 377 *A.*2d 774 (App.Div.1977)). Because this court finds that the State has met its burden of establishing that an appearance of impropriety does in fact exist, this court holds that defense counsel must be disqualified.

Where there exists an appearance of impropriety in an attorney's representation of a client, the representation must cease. *Matter of Petition for Review of Opinion No. 569*, 103 *N.J.* 325, 511 *A.*2d 119 (1986). The Sixth Amendment, applicable to the states by the Fourteenth Amendment, guarantees that in a criminal prosecution the defendant "shall enjoy the right ... to have the assistance of counsel for his defense." *Gideon v. Wainwright*, 372 *U.S.* 335, 83 *S.Ct.* 792, 9 *L.Ed.*2d 799 (1963). The New Jersey Constitution upholds a similar right. *N.J. Const.* (1947), *Art. I*, par. 10; *State v. Sugar*, 84 *N.J.* 1, 15–17, 417 *A.*2d 474 (1980). However, while defendant is entitled to retain **qualified** counsel of his own choice, he has no right to demand to be represented by an attorney **disqualified** because of an ethical requirement. *State v. Lucarello*, 135 *N.J.Super.* 347, 353, 343 *A.*2d 465 (App.Div.1975), *aff'd o.b.*, 69 *N.J.* 31, 350 *A.*2d 226 (1975) (*cited in State v. Morelli*, *supra*, 152 *N.J.Super.* at 71, 377 *A.*2d 774).

When an attorney's former client is the State's chief witness, it is beyond dispute that an appearance of impropriety is created, requiring the attorney be disqualified. *See Morelli*,

*supra; Catanoso, supra.* Defendant attempts to distinguish those cases because the former representation of the chief prosecution witness in each case involved the same or a substantially related matter, while in the instant case, the representation is entirely unrelated. Although this court agrees that *Morelli* and *Catanoso* involve somewhat more compelling facts than those in the instant case, this court holds that in the instant case, the circumstances are sufficient to create an "appearance of impropriety."

It is from the "viewpoint of the public from which [the New Jersey Supreme] Court has chosen to judge whether particular conduct would constitute the appearance of impropriety." *Opinion 569, supra,* 103 *N.J.* at 331, 511 *A.*2d 119. As the Supreme Court observed, "[a]ppearances too are a matter of ethical concern, for the public has an interest in the repute of the legal profession." *In re Abrams,* 56 *N.J.* 271, 277, 266 *A.*2d 275 (1970). This court finds that the prior representation of officer Warner would create an appearance of impropriety in the instant case [1] as the public could conclude that officer Warner may have unfairly aided defendant, that Mr. Zucker is not cross-examining officer Warner as vigorously as he would if there were no relationship between them, or that Mr. Zucker is using confidential information during his cross-examination of officer Warner.

### A. Perception that State's witness may have unfairly aided defendant

In the instant case, Mr. Zucker has had a continuing relationship with officer Warner which has spanned at least seven years. There are various scenarios arising from this relationship which may cause concerns that officer Warner is not testifying as vigorously as he otherwise would if he did not have a former attorney-client relationship with Mr. Zucker. For example, the public may conclude that officer Warner seeks to ingratiate himself with Mr. Zucker should he again need Mr. Zucker's services.

---

[1] Many of the interests discussed *infra* were suggested by Gary T. Lowenthal, *Successive Representation By Criminal Lawyers,* 93 *Yale L.J.* 1, 52–63 (1983).

*See State v. Galati*, 64 *N.J.* 572, 576, 319 *A.*2d 220 (1974). At trial, if Warner's testimony is equivocal or uncertain, the public may question whether he would have been equally ambivalent if cross-examined by someone other than his own former attorney. If the defendant is acquitted as a result of the trial, an inference of wrongdoing is created by the perception that the acquittal was the result of the relationship or influence between Mr. Zucker and officer Warner or that it was the result of Officer Warner giving information to his former attorney about the State's trial strategy in the instant case. *See Galati, supra,* 64 *N.J.* at 575, 319 *A.*2d 220 ("In the minds of some, and outspoken in others, will always be the belief that success in the trial was achieved by unfair help and assistance from the police officer and the P.B.A.") (quoting *Opinion 113,* 90 *N.J.L.J.* 473 (1967)).

The identical perception—that in some subtle way an individual defendant was benefitted by his attorney's former representation of individual police officers—has, not infrequently, led to the issuance of opinions by the New Jersey Advisory Committee on Professional Ethics forbidding such overlapping representation. *See Opinion 404,* 102 *N.J.L.J.* 205 (1978) (appearance of impropriety prohibits an attorney from representing a defendant where the chief prosecution witness is a police officer and former client of the same attorney); *Opinion 196* 94 *N.J.L.J.* 65 (1971) (conflict of interest prohibits an attorney from representing an organization composed of law enforcement officers while simultaneously representing persons accused of crime, even where the defendants are not involved in law enforcement); *Opinion 113,* 90 *N.J.L.J.* 473 (1967) (appearance of impropriety forbids an attorney from representing the Patrolmen's Benevolent Association in a municipality while also representing lay defendants in matters before the municipal court of that municipality).

## B. Perception that defense counsel may not cross-examine his former client vigorously

An appearance of impropriety also arises due to concerns that the defense attorney is being easy on the prosecution witness, at

the expense of defendant. Questions could be raised as to whether Mr. Zucker is trying to protect Officer Warner because of a close relationship or to continue gaining business from him. At trial, it may be beneficial for the defense to suggest some impropriety of officer Warner, such as a threat, which instigated the defendant's alleged acts. If the defense attorney fails to raise any issues which later come to light, the public may conclude that the defense attorney did not vigorously cross-examine the witness because of their relationship, causing an appearance of impropriety.

### C. Perception that defense attorney will use confidential information from the prior attorney-client relationship to cross-examine his former client

An appearance of impropriety also arises due to the concern that defense counsel may be using information from the prior representation of Officer Warner to aid defendant in his defense, in violation of *R.P.C.* 1.9(a)(2). Even if the specific information about the prior charges could not be utilized to cross-examine the defendant, Mr. Zucker may know other information which he would not otherwise know but for the prior representation. It may appear that private information either gives Mr. Zucker influence over officer Warner or is being used in a subtle fashion during cross-examination. For example, if in the course of his defense of officer Warner, Mr. Zucker had learned that officer Warner had problems with anger control, Mr. Zucker could cross-examine officer Warner about his reactions to defendant in an attempt to show that Officer Warner had instigated defendant's conduct. There are an infinite number of confidences which Mr. Zucker could have learned while defending officer Warner in a criminal action and an internal affairs investigation that could later be exploited when officer Warner testifies for the State about an entirely unrelated matter. Officer Warner could have revealed prior bad acts, alcoholism, abusive behavior or abuse of police power. Mr. Zucker could know facts about officer Warner's mental state at the time of the alleged criminal act because he

represented officer Warner at this time. Regardless of what defense counsel has learned about officer Warner, "[i]n a layman's eyes, the man who [the defense attorney] once represented stands to be discredited, on cross-examination, by his former attorney." *Catanoso, supra,* 222 *N.J.Super.* at 648, 537 *A.*2d 794.

This court concludes that there exists an adequate factual basis for an informed citizen to conclude that there would be a "high risk" of impropriety if Jeffrey Zucker represented the defendant when he also represented officer Warner, a prosecution witness, in a prior jury trial and more recently represented officer Warner after the charges against defendant were brought. Defendant's attempt to waive the appearance of impropriety does not cure the disqualification of his attorney. *Morelli, supra,* 152 *N.J.Super.* at 74, 377 *A.*2d 774; *Catanoso, supra,* 222 *N.J.Super.* at 645–46, 537 *A.*2d 794.

This court does not take lightly its decision to disqualify defendant's counsel of choice. Nor does the court intend to suggest or imply that Mr. Zucker has done, or will do, anything improper or unethical. However, because the possibilities of impropriety are so strong and because there is a risk that defendant will not be adequately represented, this court hereby holds that Jeffrey Zucker is disqualified from representing defendant in a trial for these charges.

The State should submit an order accordingly.